# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG

**ROBERT LEE CHILDERS,**

    Petitioner,

**v.**                                         **CIVIL ACTION NO. 1:10-CV-183**
                                              **CRIMINAL ACTION NO. 1:07-CR-17**
                                              **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**     **Introduction**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert [Civ. Doc. 19 / Crim. Doc. 73], filed August 17, 2011. In that filing, the magistrate judge recommends that this Court deny petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civ. Doc. 1 / Crim. Doc. 52], filed October 21, 2010. This matter was originally assigned to the Honorable Judge Irene M. Keeley, but was subsequently transferred to the undersigned by Order dated May 6, 2013 [Civ. Doc. 22 / Crim. Doc. 79].

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of the filing of the R&R. Petitioner timely filed his Objections [Crim. Doc. 75] on September 1, 2011. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. This Court will review the remainder of the R&R for clear error.

## II. Background

### A. Plea and Sentencing

Petitioner Robert Lee Childers entered into a guilty plea by which he agreed to plead to Count Two – distribution of crack cocaine – of a 4-Count Indictment. The plea agreement [Crim. Doc. 23] contained no waiver of the petitioner's appellate and collateral attack rights, nor did it contain any stipulation regarding relevant conduct. A sentencing hearing commenced on May 12, 2008, and after much testimony regarding relevant conduct, the sentencing judge found it necessary to continue the sentencing hearing to review the transcripts. The sentencing hearing resumed on February 6, 2009, and after a thorough consideration of all the evidence presented, the sentencing judge sentenced defendant Childers to one hundred thirty-five (135) months' imprisonment to be followed by three (3) years of supervised release. This term was later reduced to eighty-six (86)

months pursuant to 18 U.S.C. § 3582(c) [Doc. 77].

In this case, Childers pled guilty to the distribution of .28 grams of cocaine base. The maximum sentence permitted under the statute based on his plea is twenty (20) years' imprisonment. See 21 U.S.C. § 841(b)(1)(C). The sentencing court determined by a preponderance of the evidence that defendant Childers was responsible, however, for between 184 and 267 grams of cocaine base. Based on this finding, the 135-month sentence imposed was within the maximum authorized sentence.

### B. Direct Appeal

Defendant Childers timely filed his Notice of Appeal [Doc. 40], raising an as-applied Sixth Amendment challenge to his sentence, arguing that the sentence imposed was based on an unreasonable judicially-determined relevant conduct. In its *per curiam* opinion, the United States Court of Appeals for the Fourth Circuit found no constitutional error and affirmed the district Court's findings. The Fourth Circuit reiterated the sentencing court's relevant conduct "high low of 184.94 to 260.77 [grams of cocaine base]." (Id. at 2). The Fourth Circuit properly noted that "a district court violates the Sixth Amendment when it applies the guidelines as mandatory and imposes a sentence greater than the maximum allowed by the jury's verdict. *See* **United States v. Perry**, 560 F.3d 246, 258 (4th Cir. 2009) (holding that, after **Booker**, district courts may 'continue to make factual findings concerning sentencing factors by a preponderance of the evidence,' including relying on acquitted conduct); **United States v. Webb**, 545 F.3d 673, 677 (8th Cir. 2008) (finding that, as long as the sentence imposed does not exceed the statutory maximum authorized by the jury's verdict, the district court does not violate the Sixth Amendment by imposing a

3

sentence based on a higher drug quantity than was determined by the jury)."

## III. The Instant Petition

On October 21, 2010, Childers filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civ. Doc. 1; Crim. Doc. 52], which contains two claims of ineffective assistance of counsel. Petitioner's first ground asserts that counsel provided ineffective assistance of counsel by failing to object to the Government's use of West Virginia State Trooper Sgt. Joe Adams as an expert witness. The second ground alleges that counsel also provided ineffective assistance by failing to argue that substantial drug amounts should have been deducted from the amount of drugs attributed to petitioner's relevant conduct for the drug use of co-conspirators and other witnesses. The magistrate judge's Report and Recommendation recommends that the petitioner's § 2255 motion be denied and dismissed because the above claims lack merit. This Court agrees.

### A. Standard of Review

The instant petition asserts ineffective assistance of counsel. To demonstrate ineffective assistance of counsel, a defendant must show that his "counsel's representation fell below an objective standard of reasonableness," and that the error was "prejudicial to the defense" such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Stickland v. Washington***, 466 U.S. 668, 688 (1984). If a defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. ***Fields v. Attorney Gen. of Maryland***, 956 F.2d 1290, 1297 (4th Cir.), *cert. denied*, 506 U.S. 885

(1992).

## IV. Petitioner's Objections to the R&R

I.

Petitioner first objects to the R&R insofar as it asserts that Johnna Adams' substantial drug use should not have been deducted from his relevant conduct because it was only a four to eight week period in which she shared drugs with the petitioner. He asserts that Ms. Adams testified that she and the petitioner "got high like every day." Accordingly, the petitioner asserts that "[e]ven if 'everyday' was for only four to eight weeks, [petitioner] was prejudiced by the amount of drugs consumed during this time and subjected him to a substantially longer term of imprisonment." [Doc. 75 at 5]. Petitioner also alleges that counsel provided ineffective assistance by failing to argue that substantial drug amounts should have been deducted from the amount of drugs attributed to petitioner's relevant conduct for the drug use of other co-conspirators and witnesses. A review of the sentencing transcript, however, shows that only Ms. Adams testified as to having consumed drugs from the petitioner without monetary compensation. More importantly, a close review of the sentencing transcript reveals that no testimony was elicited as to the amount Adams allegedly consumed.

All that this Court can glean is that the two dated at most two months and they would "get high together like every day." [Doc. 52 at 4]. As such, defense counsel could make no argument as to what amount could conceivably be deducted from the petitioner's relevant conduct upon which the sentencing court could rely. In ***United States v. Benkahla***, 530 F.3d 300, 312 (4th Cir. 2008), the Fourth Circuit specifically rejected the Sixth Amendment

5

as-applied argument, finding it "too creative for the law as it stands." "Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." *Id*. As the Court noted, "[t]he point is thus that the Guidelines must be advisory, not that judges may find no facts." *Id*.; *see also* **United States v. Ashqar**, 582 F.3d 819, 825 (7th Cir. 2009) ("While [the as-applied Sixth Amendment] argument is not without its advocates, it is not the law."). The sentencing judge made her factual determination regarding the relevant conduct range. This Court finds it is accurate. Accordingly, the petitioner's Objection is **OVERRULED**.

II.

Petitioner objects that his guilty plea was voluntary only on the advice of counsel that he would competently challenge any and all unwarranted relevant conduct and, therefore, should not be held to statements he made at his plea colloquy in which he stated that he was satisfied with counsel's performance. As previously noted, the petitioner asserts his counsel was ineffective at the sentencing hearing for failing to object to the Government's use of Trooper Adams as an expert witness who provided unreliable drug quantities attributable to the petitioner's relevant conduct. This Court first notes that Trooper Adams did not testify as an "expert witness" at sentencing. Rather, Trooper Adams was the case agent directly involved in the investigation of defendant Childers' drug distribution conspiracy. He was an eyewitness with firsthand knowledge of the conspiracy, working both with the confidential informants who made controlled buys from the petitioner, and having acted as a confidential informant himself. Furthermore, a review of the sentencing

6

transcript reveals a lengthy and effective cross examination executed by defense counsel, which persuaded the Court to heavily discount the petitioner's relevant conduct by showing that the defendant was a heavy user who had consumed 60-70% of the drugs he purchased. Further, after several witnesses who testified as to the petitioner's heavy personal drug use, the sentencing court discounted Trooper Adams' high-low drug relevant conduct calculations by 65%, which resulted in a two-level reduction in the petitioner's base offense level. In addition, this Court has previously addressed the petitioner's argument regarding Johnna Adams' drug use in Objection Number 1 above. Based upon the foregoing, this Court can find no deficient performance or prejudice based upon its independent review of defense counsel's challenges to the testimony provided by Trooper Adams.

In addition, under **Strickland**, this Court finds no prejudice. This Court notes that the Indictment includes a conspiracy beginning sometime in 2003. The petitioner was arrested on September 25, 2006, after a drug buy in which Johnna Adams' mother acted as a confidential informant [Doc. 37 at ¶19]. It is apparent that the petitioner and Johnna Adams only dated for two months during the petitioner's minimum two-year conspiracy. Based upon the Guidelines Drug Quantity Table, defense counsel would have to have proven that Johnna Adams consumed at least seventy-two (72) grams of cocaine base to have changed the petitioner's base offense level.[1] This Court finds such a notion to be inconceivable. Further, witness Stephanie Kisamore testified that she saw the petitioner

---

[1] Under the current Guidelines Drug Quantity Table, to achieve the next lower base offense level – Level 26 – the cocaine base range is "at least 28 grams but less than 112 grams of cocaine base." U.S.S.G. § 2D1.1.

sell to Johnna Adams [Doc. 34 at 38]. Accordingly, this Court finds no deficient performance or prejudice based upon its independent review of the above. Accordingly, the Objection is **OVERRULED**.

III.

Petitioner's final objection is to the magistrate judge's finding that he sold drugs to Johnna Adams. In support, the petitioner asserts that at no time did Ms. Adams testify that she bought drugs from the petitioner. Unfortunately for the petitioner, witness Stephanie Kisamore testified that "I've seen him sell to Johnna [Adams]." [Doc. 34 at 38]. The sentencing Judge found this testimony to be credible, and this Court will not disturb that finding. Accordingly, the Objection is **OVERRULED**.

**V.  Conclusion**

Upon careful review of the record, this Court hereby **ADOPTS** Magistrate Judge Seibert's Report and Recommendation **[Civ. Doc. 19 / Crim. Doc. 73]** and the petitioner's Objections **[Civ. Doc. 21 / Crim. Doc. 75]** are hereby **OVERRULED**. As such, Childers' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **[Civ. Doc. 1 / Crim. Doc. 52]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter separate judgment in favor of the United States.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability on the dismissed claims, finding that he

8

has failed to make "a substantial showing of the denial of a constitutional right" on these claims. 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED:** July 3, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE